THE GREATER NEW YORK SAVINGS BANK, Respondent, v. CALENDAR REALTY CORPORATION, Appellant, and CHARLES SALOMON and Others, Defendants.— Order denying the motion to set aside the sale and ordering a new sale reversed on the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, upon condition that within five days after the entry of the order herein, appellant file an undertaking, with corporate surety, to secure to respondent the amount of the bid on the first sale plus the expense of the first sale in the event that the price realized on the new sale does not equal such amount, plus said expenses. In the event of failing to comply with the above terms, the order is affirmed, with ten dollars costs and disbursements. Under the circumstances, in our opinion substantial justice requires a resale. Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ., concur.

HERMAN L. GREVE, Appellant, v. ARTHUR W. KRETSCHMAR, Respondent.— Judgment reversed on the law and a new trial granted, costs to appellant to abide the event. Facts were adduced which required submission of the case to the jury on the theory, as stated in the bill of particulars, of money advanced by plaintiff to the use of defendant. Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ., concur.

CHRISTIAN F. C. GRUENINGER, Respondent, v. CHARLES J. MARASCO, Supervisor, and Others, Constituting the Town Board of the Town of Mount Pleasant, Westchester County, New York, and Another, Appellants.— Order granting injunction *pendente lite* reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. The town board was authorized to make the appointment of the peace officers referred to, pursuant to section 121-a of the Town Law.* The provisions of article 6-A† are applicable to each town in Westchester county. By these provisions, the town board is authorized, but not compelled, to establish and maintain a police force for the entire town, the expense thereof being chargeable upon the entire town. Article 6-A, however, makes no provision for the establishment of a police force in a part of the town. The power of the town board to accomplish this, under section 121-a of the Town Law, was not taken away by the enactment of chapter 92 of the Laws of 1931. There is nothing in this act showing any such intention. Whether these appointments are subject to civil service rules is not passed upon. The record is not sufficient to justify the affirmance of the order on this ground. Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ., concur.

SAMUEL HALBERG, Respondent, v. KESTLER'S GARAGE CO., INC., Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Scudder and Davis, JJ.

* Added as § 122 by Laws of 1909, chap. 147; renum. § 121-a by Laws of 1919, chap. 48, as amd. by Laws of 1929, chap. 353.— [REP.

† Added by Laws of 1916, chap. 396, as amd., including Laws of 1931, chap. 92.— [REP.